In re KETTERER MFG. CO.

(District Court, M. D. Pennsylvania. June 29, 1908.)

No. 964, in Bankruptcy.

BANKRUPTCY—SALE OF PROPERTY BY TRUSTEE—RIGHTS OF PURCHASER.

A bankrupt corporation was the owner of a valuable lease on the property which it occupied subject to a mortgage on the fee given by the lessor. The lease contained a provision giving the lessee the right to apply the rent in payment of the taxes on the property and the interest and principal of the mortgage, and so far as rent had been paid it had been so applied. The trustee sold the leasehold; there being at the time a certain amount of rent due in part accruing before the bankruptcy and in part from the trustee during his occupancy. Held, that such provision of the lease was for the protection of the bankrupt's leasehold interest, and that the purchaser took such leasehold with respect to the mortgage in the condition it stood at the time of the sale and could not insist on the application of the unpaid rent on the mortgage as against the lessor who had duly proved his claim therefor.

In Bankruptcy. On certificate from J. E. Vandersloot, referee, sur exceptions to account of trustee.

See 156 Fed. 719.

C. E. Ehrehart and Sidney E. Smith, for the exceptions.
C. J. Delone, for trustee, opposed.

ARCHBALD, District Judge. At the time of its bankruptcy, March 2, 1907, the Ketterer Manufacturing Company was the owner of a valuable leasehold on certain property in West Hanover, Pa., where it carried on its business, which was disposed of by the trustee at public sale, September 10, 1907, for $11,500; the sale being finally confirmed November 7th following. This leasehold was subject to a

mortgage, given on the fee, by C. P. Ketterer, the lessor, to the Hanover Savings Fund Society for $10,000, on which there was due at the time of the sale the sum of $7,500 principal without interest. By the provisions of the lease, it was agreed that the rent, which was $1,000 a year, payable in semiannual installments of $500 each, "shall be deposited by the said lessee [the Ketterer Manufacturing Company], or its successor, in the Hanover Savings Fund Society Bank, or in some other bank in the borough of Hanover to be agreed upon, to the credit of a special account, to be known and carried as the C. P. Ketterer rental account, and that the said account may and shall be liable to be drawn upon by the said lessee herein or its successor, to pay, first, all taxes upon the said premises hereby leased, second, to pay the interest on a certain mortgage for $10,000 which is a lien against the said premises, now held by the said Hanover Savings Fund Society, and, third, to pay the balance of said account upon the property of the said mortgage until the same is fully paid."

There was due for the rent of the leased premises on March 2, 1907, the date of the petition in bankruptcy, the sum of $592.70, and from then to December 1, 1907, when the purchaser went into possession, the further sum of $750, making a total of $1,342.70. This amount, by order of the referee, at the instance of the present owner of the leasehold, has been directed to be paid over by the trustee to the Hanover Savings Fund Society, to be credited on the mortgage, in compliance with the terms of the lease. This payment is resisted by C. P. Ketterer, the lessor, who has made due proof of his claim for rent, and the propriety of it is the question to be disposed of.

The clause of the lease which is relied on was, no doubt, inserted for the protection of the lessee, in order to secure payment, within the life of the lease, of the mortgage to which it was subject, and it had so far been carried out at the time of the trustee's sale that the mortgage had been reduced to $7,500. The purchaser's rights attached at that time, and are governed by conditions as they then existed, by which he must be assumed to have been guided in his bidding, and they cannot be carried back of or beyond that. He is entitled to have the lease lived up to from that time on, but he is not concerned with whether it has been or not before that, at least not so far as regards the application of the rent to the payment of the mortgage. If nothing, for instance, had been so applied, so that $10,000 was due upon it, instead of $7,500, he would have to take the situation as it stood and could not ask to have it remedied. The mortgage is not against the leasehold, but the fee, and, except as it is an incumbrance which if foreclosed would avoid the lease, the amount due upon it does not affect the value of the lease, which depends solely on the rent reserved as compared with the rental value of the premises. Practically, therefore, it is of no moment to the lessee what is the amount of the mortgage, or how fast it is paid off, so long as it does not threaten him, of which, as now reduced at least, there seems to be no danger. But, even if there were, the mortgage being $7,500 when he bought, he must take the estate with that burden, and is not in a position to ask that the unapplied rent which had accrued before he came in shall be applied for his benefit, to the detriment of others. It is possible

that the trustee could have asked for the application, or the court, at his instance, could have ordered it, as affecting the value of the leasehold, in order to get a better price for it, but before the sale, always, and not after it, in the interest of the purchaser, to enhance his bargain. Of the $1,342.70 involved, $592.70, as we have seen, was due to the lessor at the time of filing the petition, and, except as bankruptcy intervened, could have been realized by distress out of the goods on the premises, thus becoming a preferred claim to be first paid out of the proceeds, and the rent, $750 having accrued during the occupancy of the receiver and the trustee, is to be taken care of as a part of the expenses of administration; both going to the lessor, as the owner of the premises, except as the provisions of the lease might have, but have not, been invoked against him. With its disposition, the present holder of the lease, coming in subsequently, has no right to interfere. He simply goes on from the time he bought; the right of all parties being fixed at that time, according to which they must now be enforced.

The order of the referee is therefore reversed, and the sum of $1,342.70 is directed to be paid to C. P. Ketterer on the claims for rent which he has proved.

The exceptions to the item of $1,000 allowed to C. J. Delone as attorney for the trustee must also be sustained. Judging by the services rendered, with which I am familiar, $500 is abundant compensation, and that will be the amount to be paid.

The case will therefore be sent back to the referee, with directions to revise the account of the trustee in conformity with the views expressed in this opinion.

And it is so ordered.